IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                **NO.  CR 03-2523 RB**

**SALVADOR RODRIGUEZ-RAMIREZ,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's (Rodriguez's) Motion to Suppress Evidence (Doc. 28), filed on May 3, 2004, and Motion to Dismiss the Indictment for Lengthy Delay in Violation of the Fifth and Sixth Amendments (Doc. 27), filed May 3, 2004.  On June 4, 2004, I held a suppression hearing and heard arguments.  Having considered the briefs, evidence, arguments of counsel, and being otherwise fully advised, I find that these motions should be denied.

**I.**      **Motion to Suppress.**

Agent David Collier was working the primary inspection station at the United States Bureau of Customs and Border Protection permanent checkpoint on Highway 70 west of Alamogordo, New Mexico on January 23, 2003.  At about 1:00 p.m., Rodriguez arrived as the sole occupant and driver of a pick-up truck.  Agent Collier asked Rodriguez his citizenship status.  Rodriguez gave Collier a valid I-551 resident alien card.  Collier returned the card.  Rodriguez did not exhibit any overt signs of nervousness.

Collier asked Rodriguez where he lived.  Rodriguez replied that he was from Illinois.  Collier

noticed that the truck had a New Mexico license plate. Collier asked Rodriguez who owned the truck. Rodriguez replied that the truck belonged to friend and that the truck was used to pick up cars in the area. Rodriguez volunteered that he was on his way to Santa Rosa, New Mexico to pick up a car that he had purchased. Collier noticed that there was no tow bar in the truck.

Collier looked under the truck and noticed fresh marks on the gas tank bolts. Collier tapped on the tank and heard a solid thud. Collier asked for consent to do a canine search. Rodriguez consented to the canine search. At this point, Rodriguez had been in the primary inspection station for about two to three minutes. Collier asked Rodriguez to pull over to the secondary inspection area about twenty to thirty feet away. Collier was wearing his uniform, but he did not have his gun drawn and he did not threaten Rodriguez. Collier's tone of voice was conversational.

After parking in secondary inspection area, Rodriguez exited the truck. Collier did a systematic search of the vehicle with a canine trained to detect marijuana, cocaine, heroin, methamphetamine, and concealed persons. The canine alerted on the gas tank area. At the time the canine alerted, about two or three minutes had elapsed since Rodriguez had parked in the secondary inspection area. Collier ran a fiber optic scope into the tank and saw a metal box.

Collier escorted Rodriguez inside the checkpoint office where he was arrested and advised of his rights. Agents removed the gas tank and found 50 pounds of marijuana. Rodriguez stated that he was going to Illinois where he was supposed to call someone who would pick up the truck and pay him $900.00. Rodriguez was in the checkpoint a total of six to seven minutes before the dog alerted. Collier was the only witness at the suppression hearing.

"During a routine fixed-checkpoint stop, border patrol agents may question individuals in the absence of individualized suspicion about their citizenship and immigration status and request

2

documentation." *United States v. Massie*, 65 F.3d 843, 847-48 (10th Cir. 1995). Furthermore, "[a]gents may briefly question individuals concerning such things as vehicle ownership, cargo, destination, and travel plans, as long as such questions are reasonably related to the agent's duty to prevent the unauthorized entry of individuals into this country and to prevent the smuggling of contraband." *Id.* at 848 (internal citations and quotations omitted). Additionally, if an agent observes "suspicious circumstances" during initial questioning, he "may briefly question the motorist concerning those suspicions and ask the motorist to explain." *United States v. Rascon-Ortiz*, 994 F.2d 749, 753 (10th Cir. 1993).

As a whole, however, the stop must remain brief, unintrusive, and must "not exceed the scope of a permissible routine checkpoint stop." *Massie*, 65 F.3d at 849. Further detention of an individual beyond the scope of a routine checkpoint stop must be based upon reasonable suspicion, consent, or probable cause. *Rascon-Ortiz*, 994 F.2d at 753; *United States v. Chavira*, 9 F.3d 888, 889 (10th Cir. 1993). Border patrol agents are entitled to assess the facts in the light of their experience and "may perceive meaning in actions that appear innocuous to the untrained observer." *United States v. Cantu*, 87 F.3d 1118, 1121 (10th Cir. 1996). A canine alert on a vehicle gives rise to probable cause to search the vehicle. *United States v. Rosborough*, 366 F.3d 1145, 1153 (10th Cir. 2004).

The facts are not in dispute. Agent Collier's questioning was brief, precise, and reasonably related to his duties. The exchange of documents and questioning was within the permissible scope of determining citizenship status and preventing the smuggling of contraband. Rodriguez stated that he was from Illinois, yet his vehicle had New Mexico plates. Rodriguez volunteered the information regarding the intent to retrieve a second car. This statement was belied by the absence of a tow bar or a second person. Suspicious circumstances justified additional questioning. The additional

3

questioning was brief, unintrusive and did not exceed the scope of a permissible routine checkpoint stop.

Collier did not speak to Rodriguez in a harsh or threatening manner, or make any show of force. Rodriguez voluntarily consented to the canine search. After the canine alerted on the gas tank, the agents had probable cause to search the vehicle. The search did not violate the Fourth Amendment. The motion to suppress should be denied.

## II.    Motion to Motion to Dismiss the Indictment for Lengthy Delay in Violation of the Fifth and Sixth Amendments.

At the suppression hearing, defense counsel stated that he needed additional time to review the cases cited in the Government's response to the motion to dismiss. I directed defense counsel to submit any additional authority in support of the motion to dismiss by June 7, 2004. As of 12:00 p.m. on June 7, 2004, defense counsel had not submitted any additional authority.

Rodriguez was arrested on January 23, 2003. The State of New Mexico initially accepted the case for prosecution, but later returned it to the federal government. The Government filed a criminal complaint on September 22, 2003, and indicted Rodriguez on December 17, 2003. Rodriguez was arraigned on January 7, 2004, and trial was set for March 15, 2004. Rodriguez moved to continue the trial three times and he moved to re-open the time period to file pretrial motions once.

Rodriguez claims that the delay between his arrest and indictment violated his right to due process and that the subsequent delay violated his right to a speedy trial. Pre-indictment delay is not a due process violation unless the defendant shows both that the delay caused actual prejudice and that the government delayed purposefully in order to gain a tactical advantage. *United States v. Johnson*, 120 F.3d 1107, 1110 (10th Cir. 1997).

4

At the hearing, defense counsel proffered that a witness who would have been able to testify that he was in the car business with Rodriguez cannot be found. Counsel further acknowledged that defense counsel in the state case had not filed a motion to suppress. Rodriguez has failed to show any definite prejudice from the delay. He has also failed to show that the Government undertook the delay purposefully to gain a tactical advantage or to harass Rodriguez. Any Speedy Trial Act claim was waived by Rodriguez's repeated requests for continuances. The motion to dismiss should be denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Suppress Evidence and Motion to Dismiss the Indictment for Lengthy Delay in Violation of the Fifth and Sixth Amendments are **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**